**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DISTRICT**

| | | |
|---|---|---|
| **TIMOTHY CARR, on behalf of himself and others similarly situated**, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. 2:20-cv-6292 |
| v. | : | |
| | : | |
| **EVOLUTION HEALTH, LLC**, | : | JUDGE |
| | : | |
| | : | |
| **CARE CONNECTION OF CINCINNATI, LLC**, | : | MAGISTRATE JUDGE |
| | : | |
| | : | |
| **OHERBST, INC. DBA GUARDIAN HEALTHCARE**, | : | |
| | : | |
| **AND** | : | |
| | : | |
| **GEM CITY HOME CARE, LLC**, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Plaintiff Timothy Carr ("Named Plaintiff" or "Plaintiff Carr"), individually and on behalf of others similarly situated, files his Complaint against Evolution Health, LLC ("Evolution"), Care Connection of Cincinnati, LLC ("Care Connection"), OHERBST, Inc dba Guardian Healthcare, LLC ("Guardian"), and Gem City Home Care, LLC ("Gem City") (hereinafter collectively referred to as "Defendants") for Defendants' failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The FLSA claim is brought as a collective

action pursuant to 29 U.S.C. § 216(b). The Ohio Acts claims are brought as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.  JURISDICTION AND VENUE**

    1.  This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

    2.  This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

    3.  Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendants conduct substantial business in the Southern District of Ohio.

**II.  PARTIES**

    **A.  Named Plaintiff**

    4.  Plaintiff Carr is an individual, United States citizen and a resident of the State of Ohio, living in the Southern District of Ohio.

    5.  Plaintiff Carr was employed by Defendants beginning in or around December 2013 until approximately October 2019.

    6.  Plaintiff Carr was employed as an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts. Specifically, Plaintiff Carr was employed as an hourly occupational therapist, and Plaintiff Carr provided home health therapy services to Defendants'

clients. During his employment, Plaintiff Carr worked at least forty (40) or more hours in given workweeks.

7. Named Plaintiff brings this action on behalf of himself and those similarly situated and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

**B. Defendant**

8. Defendants are foreign limited liability companies that operate and conduct business activities throughout the United States. Defendants provide quality home health care, hospice, and infusion therapy services through various brands throughout the nation.[1] Defendants employ occupational therapists ("OTs"), physical therapists ("PTs"), physical therapy assistants ("PTAs"), speech therapists ("STs"), registered nurses ("RNs"), state tested nursing assistants ("STNAs"), licensed practical nurses ("LPNs"), home health aides ("HHAs"), and other direct care providers (collectively, OTs, PTS, PTAs, STs, RNs, STNAs, LPNs, HHAs, and other in-home direct care providers will be referred to as "home health employees") to provide home health care and therapy services to their clients.

9. At all relevant times, Defendants have had direct or indirect control and authority over Named Plaintiff's and other similarly situated home health employees' working conditions. At all relevant times, Defendants exercised that authority and control over Named Plaintiff and other similarly situated home health employees.

---

[1] *See* https://www.evolution.net/ (last visited Nov. 20, 2020).

10. At all relevant times, Defendants have had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated home health employees at the facilities where Defendants operated and Named Plaintiff and other similarly situated home health employees worked. At all relevant times, Defendants exercised that authority and control over Named Plaintiff and other similarly situated home health employees.

11. At all relevant times, Defendants have had the authority to hire and fire employees, supervise and control the work schedules and work conditions of home health employees, determine the rate and method of pay, and/or maintain employee records.

12. Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all home health employees at all of their locations, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping.

13. At all relevant times, Defendants suffered or permitted Named Plaintiff and other similarly situated home health employees to work. The work that Named Plaintiff and other similarly situated home health employees performed was for Defendants' benefit.

14. Although Defendants consist of registered numerous other "entities,"[2] these entities collectively constitute an enterprise or single employer (hereinafter referred to as "single integrated enterprise") and are generally referred individually as an "Evolution Health Company." Defendants qualify as a single integrated enterprise because they engaged in related activities

---

[2] The entities operate under the following names: "Guardian Health Care," "Gem City Home Care," "Care Connection of Cincinnati," "Valley Health Home Care," and "Ascension at Home." See https://www.evolution.net/ (last visited Nov. 20, 2020).

Page 4 of 18

performed through unified operations or common control for a common business purpose. Evidence of such enterprise status can be found directly on Evolution's website, which singles out each of the previously named entities as being the names under which Evolution operates locally.[3] Additionally, the Evolution website does not even differentiate amongst entities when advertising job opportunities across the several states in which it operates.[4]

15. Alternatively, Defendants qualify as joint employers of one another because they maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control over these entities. Evidence of such joint-employer status can be found on Evolution's website[5] and on individual entity websites that recognize Evolution as both a parent company and an affiliated company.[6]

16. Defendants each operate as an "employer" for the purposes of the FLSA and the Ohio Acts. Defendants are a single integrated enterprise and/or joint employers of Named Plaintiff and all other similarly situated home health employees.

17. At all times relevant, Defendants were employers of Named Plaintiff and other similarly situated home health employees as defined in the FLSA and the Ohio Acts.

---

[3] *See* EVOLUTION HEALTH, "About Evolution Health," https://www.evolution.net/about-us (last visited Nov. 20, 2020) ("We operate under the names of our respected local agencies including Ascension at Home, Guardian Healthcare, Gem City, Care Connection of Cincinnati and The Valley Home Health Care.").
[4] *See* EVOLUTION HEALTH, "Available Opportunities," https://recruiting2.ultipro.com/EVO1001EVH/JobBoard/d34f41e8-349c-4bec-805e-999a371a5788/?q=&o=postedDateDesc&w=&wc=&we=&wpst= (last visited Nov. 20, 2020) (listing job category, position, and location, but providing no information about particular entity associated with such location). When beginning from an individual entity's website, such as Guardian Healthcare's website, clicking on the "Apply Here" or "Online Job Application" links will redirect the user to the Evolution website as well. *See* GUARDIAN HEALTHCARE, https://www.guardmyhealth.com/Home.aspx (last visited Nov. 20, 2020).
[5] *See supra* note 3 and accompanying text.
[6] *See, e.g.*, GEM CITY HOME CARE, "Who We Are," https://gemcityhc.com/who_we_are.php (last visited Nov. 20, 2020). Named Plaintiff notes that this website is shared with Care Connection. *Id.* Additionally, Guardian recognizes both Gem City and Care Connection as affiliated entities on its website. GUARDIAN HEALTHCARE, "Company Profile," https://www.guardmyhealth.com/Profile.aspx (last visited Nov. 20, 2020).

18. Defendants operate, control, enterprise, and employ home health employees engaged in commerce or in the production of goods for commerce or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; additionally, Defendants each have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

19. At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

## III. FACTS

20. Named Plaintiff and Defendants' other home health employees are either non-exempt employees or are otherwise not compensated on a salary or fee basis.

21. Named Plaintiff and Defendants' other home health employees were not guaranteed any minimum amount per week. Rather, their compensation is primarily tied to the number of visits they complete.

22. Named Plaintiff was employed by Defendants as a PT from approximately December 2013 to October 2019 in Dublin, Ohio.

23. Named Plaintiff was hired and employed by Defendants as a PT entitled to overtime pay.

24. In reality, Defendants compensated Named Plaintiff and other home health employees on a hybrid basis. Named Plaintiff's compensation generally included 1) per-visit fees that were determined by the type of visit; 2) hourly payments made for certain tasks, such as

meetings and trainings, that were based upon the duration of those tasks; and 3) no pay for work, such as making calls, traveling, charting, etc., performed outside of time spent in patients' homes.

25. Regarding per-visit flat fees, Defendants paid Named Plaintiff and other similarly situated home health employees, for example, a flat fee for visits to a client's home, although depending on the type of visit. For example, Named Plaintiff was paid a fee of $75 for initial evaluations and $125 for "start of care" evaluations. However, the flat fee was subject to increase if Named Plaintiff's and other similarly situated home health employees' visit lasted longer than usual or if the distance to the visit was farther than normal.

26. Regarding hourly payments, Defendants paid Named Plaintiff and other similarly situated home health employees, for example, on an hourly basis for non-visit time, such as attending meetings or completing required trainings.

27. During relevant times, Named Plaintiff worked in excess of forty (40) hours per week. These work hours included, *inter alia*, time spent: (i) calling clients and scheduling visits, (ii) preparing for visits, (iii) communicating with patients/physicians/case managers, (iv) in clients' houses, (v) traveling between clients, (vi) completing paperwork and charting patient visits and discharges, (vii) in meetings, and (viii) completing required trainings. Much of the time associated with these tasks was not recorded or otherwise visible on the paychecks Defendants issued to Named Plaintiff and others similarly situated.

28. Defendants had a policy and/or practice of not paying their home health employees for all time spent completing job activities (i), (ii), (iii), (v), and (vi) above.

29. Similar to Named Plaintiff, Defendants' other home health employees often worked more than forty (40) hours per week.

30. Defendants did not pay Named Plaintiff and other similarly situated home health employees one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

31. Defendants' failure to compensate Named Plaintiff and other similarly situated home health employees, as set forth above, resulted in unpaid overtime.

32. At all times relevant herein, Named Plaintiff and other similarly situated home health employees were employees as defined in the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 § 34a.

33. Defendants each are and have been an "employer" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 § 34a.

34. During relevant times, Defendants suffered or permitted Named Plaintiff and those similarly situated home health employees to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times their regular rate as a result of Defendants' policies or practices described above that affect Named Plaintiff and all other similarly situated employees.

35. By failing to pay Named Plaintiff and other home health workers an overtime premium of one-and-one-half times their regular rate of pay for all hours worked over forty (40) in a workweek, as required by the Sixth Circuit in *Elwell v. University Hospitals Home Care Services*,[7] Defendants have violated applicable FLSA provisions.

---

[7] 276 F.3d 832 (6th Cir. 2002).

36. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the federal and state wage and hour laws.

37. During relevant times, Defendants had knowledge of and acted willfully regarding its conduct described herein. More specifically, Defendants knew or should have known Named Plaintiff and other home health workers were working in excess of forty (40) hours in a workweek because they assigned the work they performed, tracked their performance of this work, and required them to complete extensive documentation detailing their work when it was completed.

38. Defendants are in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or they otherwise failed to keep such records.

## IV. FLSA COLLECTIVE ALLEGATIONS

39. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following:

> All current and former home health employees of Defendants who were paid, in part, on a per-visit basis during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Collective" or "FLSA Collective Members").

40. Named Plaintiff and putative FLSA Collective Members were all subject to the same policies or practices described above, including the (1) same material terms and conditions of employment; (2) same or substantially similar job duties; (3) common training; (4) same timekeeping policies, practices, and systems; (5) same policies, practices, and systems concerning

work hours and the performance of work; and (6) same policies, practices, and system concerning overtime hours and wages.

41. During some or all of the last three (3) years, Defendants did not compensate Named Plaintiff and the putative FLSA Collective Members for time spent performing substantial duties for Defendants' benefit.

## V. RULE 23 ALLEGATIONS

42. Named Plaintiff brings his Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other members of the following class:

> All current and former Ohio home health employees of Defendants who were paid, in part, on a per-visit basis during the two (2) years preceding the filing of this Complaint and continuing through the final disposition of this case ("Ohio Rule 23 Class," "Rule 23 Class," or "Ohio Rule 23 Class Members").

43. The Ohio Rule 23 Class includes all current or former home health employees employed by Defendants throughout the State of Ohio as defined above.

44. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

45. Named Plaintiff is a member of the Ohio Rule 23 Class, and his claim for unpaid wages is typical of the claims of other members of the Rule 23 Class.

46. Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

47. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that he has undertaken to represent.

48. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

49. Questions of law and fact are common to the Ohio Rule 23 Class.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

51. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2), as Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3), as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

53. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty (40) hours per workweek because of the policies and/or practices described herein; (b) whether Defendants kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Acts; and (e) what amount of prejudgment interest is due to Ohio Rule 23 Class Members on the overtime or other compensation that was withheld or not paid to them.

54. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

55. All of the preceding paragraphs are realleged as if fully rewritten herein.

56. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

57. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

58. During the three (3) years preceding the filing of this Complaint, Defendants employed Named Plaintiff and the FLSA Collective Members.

59. Named Plaintiff and the FLSA Collective Members were paid in part on a per-visit basis and in part on an hourly basis and worked in non-exempt positions.

60. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks or would have worked in excess of forty (40) hours in workweeks if all of their compensable time worked was recorded and compensated.

61. Defendants violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by failing to pay overtime for all hours worked over forty (40) hours in a workweek, as more fully described herein.

62. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

63. Named Plaintiff and the FLSA Collective Members were not paid on a salary or fees basis. Moreover, Named Plaintiff and the FLSA Collective Members were not guaranteed a minimum weekly payment.

64. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

65. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not otherwise kept by Defendants.

66. As a direct and proximate result of Defendants' conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the FLSA Collective Members.

## SECOND CAUSE OF ACTION:
### R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

67. All of the preceding paragraphs are realleged as if fully rewritten herein.

68. This claim is brought under Ohio Law.

69. Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under Ohio Law.

70. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

71. Named Plaintiff and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03 but were not paid overtime wages for all of such time spent working.

72. Defendants' policies and/or practices of not paying its home health employees for all hours worked over forty (40) hours in a workweek as more fully described herein resulted in unpaid overtime.

73. Named Plaintiff and the Ohio Rule 23 Class Members were not exempt from the wage protections of the Ohio Wage Act.

74. Defendants' repeated and knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Class members were violations of R.C. § 4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Class Members were entitled.

75. For Defendants' violations of R.C. § 4111.03, by which Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the Rule 23 Class Members.

## THIRD CAUSE OF ACTION:
## R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

76. All of the preceding paragraphs are realleged as if fully rewritten herein.

77. Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendants.

78. During all relevant times, Defendants were entities covered by the OPPA and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

79. The OPPA requires Defendants to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, in accordance with O.R.C. § 4113.15(A).

80. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members were not paid all wages, including overtime wages at one-and-one-half times their regular rate of pay within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

81. Named Plaintiff and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

82. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## FOURTH CAUSE OF ACTION:
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

83. All of the preceding paragraphs are realleged as if fully rewritten herein.

84. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday, and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq.*

85. During times material to this complaint, Defendants were covered employer and required to comply with the Ohio Wage Act's mandates.

86. Named Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

87. During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

88. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

**VII.  PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendants for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under the Ohio Acts;

D. Finding Defendants failed to keep accurate records in accordance with the Ohio Wage Act, and as such, Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

G. Awarding judgment against Defendants for liquidated damages pursuant to the OPPA in the greater amount of $200 per violation or six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period;

H. Awarding Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

I. Awarding Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

J. Issuing an injunction prohibiting Defendants from engaging in present, ongoing, and future violations of the FLSA and the Ohio Wage Act;

K. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

L. Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever;

M. An Order directing Defendants to pay reasonable attorney's fees and all costs connected with this action; and

N. Such other and further relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
1550 Old Henderson Rd.
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman